UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVIN V. BYNG,

                                Plaintiff,

    v.                                              6:22-CV-1406 (DNH/ATB)

BOB KELLY, et al.,

                                Defendants.

---

KEVIN V. BYNG, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

The Clerk has sent me what has been filed as "Amended Complaint" in this action. (Dkt. No. 7, Amended Complaint ("Am. Compl.")). The original complaint was filed on December 29, 2022. (Dkt. No. 1, Complaint ("Compl.")). The court liberally construed plaintiff's complaint against the defendants to allege, inter alia, First Amendment freedom of association violations; housing discrimination under the Fair Housing Act of 1968 (the "FHA") based on race; and disability discrimination claims under the American Disability Act ("ADA"), Rehabilitative Act ("RA"), and the FHA.[1]

On February 24, 2023, I completed an initial review of plaintiff's original complaint and issued an Order and Report-Recommendation. (Dkt. No. 5, Order and Report-Recommendations ("ORR")). In my ORR, I recommended that plaintiff's First Amendment freedom of association claims against defendants Kelly and Connelly survive initial review. (*Id.* at 22). I also recommended that plaintiff's FHA/racial

---

[1] Plaintiff made various other allegations that failed to state plausible causes of action that were ultimately dismissed with prejudice. (*See generally* Dkt. No. 5; Dkt. No. 6). The court assumes familiarity with the initial review of the original complaint. (*Id.*).

discrimination claim against defendant Kelly survive initial review. However, I recommended dismissal of plaintiff's FHA/racial discrimination claim against defendant Connelly, without prejudice to plaintiff amending the complaint to show that this defendant was responsible for any relevant discriminatory conduct. (*Id.* at 22). I recommended that the district court dismiss plaintiff's disability discrimination claims under the ADA, RA, and FHA without prejudice and with leave to amend. (*Id.* at 23).

Plaintiff did not object to the ORR, and on March, 20, 2023, United States District Judge David N. Hurd adopted my recommendations. (Dkt. No. 6). On April 6, 2023, plaintiff filed an amended complaint in this action (Am. Compl.), which the clerk has sent to me for review pursuant to Judge Hurd's order.

## I.     Sufficiency of Pleading

Plaintiff's amended complaint essentially repeats the allegations made in his original complaint, with two additions. (*Compare* Compl. and Am. Compl.). First, plaintiff has added to his amended complaint an allegation that defendant Connelly told one of plaintiff's guests "we don't like n-----s here[.]"[2] (Am. Compl. ¶ 23). In the initial complaint, I dismissed plaintiff's FHA/racial discrimination claim against defendant Connelly because plaintiff did not allege any facts showing Connelly discriminated against him because of race. Liberally construing the amended complaint, the court finds that plaintiff has now sufficiently pled a housing discrimination claim based on race against defendant Connelly. *Cox v. City of Dallas*, 430 F.3d 734, 746 (5th Cir. 2005) (finding if a landlord "refused to continue renting to

---

[2] Plaintiff attached a document named "Sworn Affidavit" allegedly prepared by Zhane Barnes with the above statement to this complaint. (Dkt. No. 7 at CM/ECF 14).

2

a tenant because the tenant entertained black guests," such conduct, amounting to a constructive eviction, would constitute discrimination in the "terms, conditions, or privileges of . . . rental," and would be cognizable under § 3604(b)); *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Based on the foregoing, and for the reasons previously set forth in my ORR, the court thus recommends that plaintiff's First Amendment freedom of association and FHA/racial discrimination claims against defendants Kelly and Connelly, as pled in the amended complaint, survive initial review. (*Id.*). Otherwise, plaintiff has merely pled identical claims to those raised in the initial complaint. (*Compare* Compl. and Am. Compl.). Therefore, the court again recommends the following claims be dismissed, this time without further leave to amend: plaintiff's disability discrimination claims under the ADA, RA, and FHA. (*See* ORR at 10-16).[3]

## II. Temporary Injunction

Plaintiff renews his motion for a temporary injunction, based on the second new allegation in his amended complaint: that the housing authority has now started the eviction process against him. Plaintiff has attached two USPS certified mail/missed service slips from People First in support of his claim. (Am. Compl. at CM/ECF 11). However, plaintiff was admittedly unavailable for service of this certified mail; thus, he can only speculate as to its contents. Plaintiff further alleges that a Utica City marshal came to plaintiff's door and demanded to enter his apartment, but he does not offer any

---

[3] Plaintiff's stated or imputed claims for Eighth Amendment cruel and unusual punishment, Fourteenth Amendment substantive due process, and violations of 42 U.S.C. § 1437d(1)(3) were previously dismissed by Judge Hurd with prejudice (Dkt. No. 6 at 3) and could not be revived by repleading them in the amended complaint.

3

specific allegations regarding the interaction. He does not allege that the marshal served him with notice or attempted to remove him from the apartment. Plaintiff has not submitted a notice to vacate, any information regarding a holdover proceeding, or a warrant of eviction. Thus, the court seriously questions whether plaintiff has sufficiently plead the threat of "imminent and actual eviction" establishing irreparable harm.

In any event, as I set forth in my ORR, even if plaintiff has plausibly alleged that there is an ongoing state proceeding concerning his eviction, the District Court is without jurisdiction to intervene under the abstention doctrine. *See Parent v. New York*, 485 F. App'x 500, 503 (2d Cir. 2012) ("Under *Younger*, abstention is mandatory where: '1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court.' ") (quoting *Younger v. Harris,* 401 U.S. 37, 43-45 (1971)). Here, the *Younger* factors would dictate that the court abstain from consideration of plaintiff's claims concerning his purported eviction, as there is no indication that plaintiff does not have an avenue for consideration of his issues in state court. *Dean v. Doberman*, No. 21 CV 8320, 2023 WL 2480012, at *8 (S.D.N.Y. Mar. 13, 2023) ("[T]he Holdover Action implicates the important state interest of property disposition, and plaintiff 'alleges nothing to suggest that there are grounds under . . . the *Younger* abstention doctrine to justify this Court's interference in [his] ongoing state-court eviction proceeding.'").

### III. Opportunity to Amend

#### A. Legal Standards

Generally, when the court dismisses a pro se complaint sua sponte, the court

should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B.     Analysis

This court has already afforded plaintiff the opportunity to amend, and he availed himself of this opportunity. In his amended complaint plaintiff addressed the deficiencies in his FHA/racial discrimination claim against defendant Connelly. However, plaintiff did not address the deficiencies in his claims relating to disability discrimination, despite the court granting him an opportunity to amend. (*See* Am. Compl.). Therefore, the court is now recommending that plaintiff's disability discrimination claims under the ADA, RA, and FHA be dismissed without prejudice, without the opportunity to amend. Plaintiff's Eight Amendment, Fourteenth Amendment, and 42 U.S.C. § 1437d(1)(3) claims have already been dismissed by Judge Hurd, with prejudice (Dkt. No. 6 at 3), and, thus, could not be revived by repleading them in the amended complaint.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's amended complaint be accepted as the operative pleading, to the extent Judge Hurd allows certain of its claims to proceed, and it is,

**RECOMMENDED**, that plaintiff's Fair Housing Act/racial discrimination claim against defendant Connelly, as amended, survives initial review, and it is

**RECOMMENDED**, that plaintiff's remaining disability discrimination claims under the American Disability Act, Rehabilitative Act, and Fair Housing Act claims be

**DISMISSED WITHOUT PREJUDICE, BUT WITHOUT THE OPPORTUNITY TO AMEND**, and it is

**RECOMMENDED**, that plaintiff's renewed request for Temporary Injunction be **DENIED**, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, this action be returned to me for orders relating to service of the amended complaint on the defendants, and it is

**RECOMMENDED**, that following service of the amended complaint, defendants Kelly and Connelly be directed to respond to plaintiff's First Amendment freedom of association claims and Fair Housing Act/racial discrimination claims, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 17, 2023

*Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge